

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00414-CR

SYLVESTER LUCIO GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2021E-078, Honorable Roland D. Saul, Presiding

April 23, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Sylvester Lucio Garcia appeals his convictions for the offenses of felon in possession of a firearm, evading arrest or detention with a motor vehicle, and possession with intent to deliver a controlled substance in an amount of four to 200 grams with the use or exhibition of a deadly weapon. Through this appeal, he seeks the deletion of the deadly weapon finding and reformation of the bill of costs associated with the judgment. We modify the judgment and bill of costs and affirm as modified.

### Background

An officer initially attempted to stop appellant for a seat belt violation, but he drove away. When the officer did effectuate the stop, appellant and a passenger got out of the car and tried to run. Both were stopped. A search of the car revealed two handguns, ammunition, firearm magazines, drug paraphernalia, and approximately 34.29 grams of methamphetamine.

After first pleading not guilty, appellant changed his plea to guilty and executed related documents. Among those documents was an admission that he used or exhibited a deadly weapon in the commission of or immediate flight from the charge of possession with intent to deliver. The use or exhibition of a deadly weapon was noted in open court and appeared in the written judgment. Indeed, the trial court orally pronounced, in open court:

> Having heard the evidence and the Defendant's pleas of guilty, **the Court finds** beyond a reasonable doubt that the Defendant is guilty of the offense of possession of a firearm by a felon as charged in Count 1 of the indictment, and the Defendant is guilty of the offense of evading arrest while using a vehicle as charged in Count 2 of the indictment, and **that the Defendant is guilty of the offense of possession with intent to deliver** a controlled substance in an amount of four grams or more but less than 200 grams **while using a deadly weapon** as charged in Count 3 of the indictment.

(Emphasis added).

### Issue One—Contradiction in Case Law

Via his first issue, appellant seeks removal of the deadly weapon finding from the written judgment. As his basis for removal, he contends the case law regarding deadly weapon findings is self-contradictory. Allegedly, this is so because it requires an affirmative finding to be made and entered into the written judgment; however, case law

2

also states that in a bench trial, entry of the finding into the written judgment, often done outside the presence of the defendant, is itself such a finding. We overrule the issue.

Assuming appellant's argument to be accurate, it matters not here. The record at bar illustrates that the trial court made the requisite affirmative finding in open court when finding appellant guilty of committing the three crimes and immediately before pronouncing their respective punishments. The highlighted portion of the quote included above illustrates that. So too did it memorialize that finding in the judgment when writing "CT 3: to wit-a handgun" under the label "Findings on Deadly Weapon."

### Issue Two—"Bare Reference"

In his second issue, appellant again challenges the entry of the deadly weapon finding in the judgment. This time, he claims the trial court's "bare reference to the charging instrument's allegation of a deadly weapon finding when announcing the verdict" should not suffice for an express determination of a deadly weapon finding. We overrule this issue as well.

Again, the trial court did more than simply utter a "bare reference." Again, it said: "the Court **finds beyond a reasonable** doubt that the Defendant . . . **is guilty of** the offense of possession with intent to deliver a controlled substance in an amount of four grams or more but less than 200 grams **while using a deadly weapon** . . . ." (Emphasis added). That finding was also included in the judgment, as discussed under the preceding issue.

### Issue Three—Time Payment Fee

Through his third issue, appellant argues that the time payment fee and assessment of an additional fee should payment be delinquent must be deleted from the

3

bill of cost, under the circumstances at bar. *See* Tex. Code Crim. Proc. Ann. art. 102.030(a) (permitting the assessment of a $15 late fee). The State concedes the issue. We agree. An appeal suspends the duty to pay fines, court costs, and restitution; therefore, assessment of a time payment fee before the appellate mandate issues is premature. *Dulin v. State*, 620 S.W.3d 129, 132-33 (Tex. Crim. App. 2021). Accordingly, the bill of costs is modified to exclude assessment of any article 102.030 "time payment fee." *Anthony v. State*, No. 07-22-00161-CR, 2023 Tex. App. LEXIS 4534, at *1-2 (Tex. App.—Amarillo June 27, 2023, no pet.) (mem. op., not designated for publication) (modifying judgment and bill of costs to delete assessment of time payment fee).

We affirm the judgment of the trial court as modified herein.


Brian Quinn
Chief Justice


Do not publish.